UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

------------------------------------x
NEXTEL COMMUNICATIONS OF THE MID-  :   1637 JLT
ATLANTIC, INC. d/b/a NEXTEL         :
COMMUNICATIONS                      :
                                    :   MAGISTRATE JUDGE _____
          Plaintiff,                :
                                    :   Civil Action No. _____
     vs.                            :
                                    :
THE CITY OF LAWRENCE MASSACHUSETTS, :
THE ZONING BOARD OF APPEALS OF THE  :
CITY OF LAWRENCE, MASSACHUSETTS, and,:
FRANCIS A. AUDEY, RICHARD P. CONSOLI,:
GAYLE WILLIAMS, JOSEPH F. SIROIS, APRIL:
LYSKOWSKY, DAN CLARK, and KEMAL     :
BOZKURT in their capacities as Members of the:
City of Lawrence Zoning Board of Appeals:
                                    :
          Defendants.               :
                                    :
------------------------------------x

## COMPLAINT

Plaintiff, Nextel Communications of the Mid-Atlantic, Inc., d/b/a Nextel Communications ("Nextel"), by its attorneys, Devine, Millimet & Branch, P.A., and complains against the defendants as follows:

1.  Nextel brings this action because of the refusal of the City of Lawrence, Massachusetts ("Lawrence" or the "City") and its Zoning Board of Appeals to make a final determination granting a special permit and a variance to allow Nextel to attach rooftop antennas, as well as to install and operate the associated equipment within the existing building located at 198 Bruce Street, Lawrence, Massachusetts (the "Property").

2.  The Town's refusal to make a final determination to allow Nextel to locate its antennas on the existing building violates Section 704 of the Telecommunications Act of 1996,

42 U.S.C. §337(c)(7)(B) (the "TCA"), in that the refusal does not comply with the TCA's requirement that applications for construction of wireless telecommunications facilities be acted upon "within a reasonable period of time;" and, the TCA's requirement for a written decision supported by substantial evidence contained in a written record. In addition, the Town's refusal effectively prohibits Nextel from providing personal wireless services in a significant portion of Lawrence; and, unreasonably discriminates against providers of functionally-equivalent wireless services. Nextel accordingly requests an injunction directing the City to authorize installation of the proposed antennas and associated equipment without further delay.

## PARTIES

3.  Nextel is a corporation organized and existing under the laws of the State of Delaware and has a regional office at 40 Hartwell Avenue, Lexington, Massachusetts. Nextel is licensed by the Federal Communications Commission of the United States of America to provide wireless telecommunications services in various areas, including Massachusetts.

4.  Nextel has been authorized by Embassy Realty Trust, LLC, the owner of the 198 Bruce Street Property, to place an equipment shelter on the roof of a four-story apartment building located on the Property and to attach antennas to the exterior of that shelter. Nextel is aggrieved by the refusal of the City to allow the installation of these facilities to proceed.

5.  The City is a municipal corporation having its principal place of business at City Hall, 200 Common Street, Lawrence, Massachusetts.

6.  The Zoning Board of Appeals is an agency or instrumentality of the City of Lawrence, Massachusetts and is the municipal body responsible for the decision which led to this action.

7. The individual defendants are sued in their capacities as members of the Zoning Board of Appeals.

## JURISDICTION AND VENUE

8. This civil action arises under those sections of the TCA which provide that any application for permission to construct wireless antenna facilities must be acted upon "within a reasonable period of time," 47 U.S.C. §332 (c)(7)(B)(ii); that any decision denying permission to construct wireless antenna facilities must be set forth in a written decision and "supported by substantial evidence contained in a written record," 47 U.S.C. §332(c)(7)(B)(iii); that local regulation shall not "unreasonably discriminate among providers of functionally equivalent services," 47 U.S.C. 332(c)(7)(B)(i)(I); that local regulation "shall not prohibit or have the effect of prohibiting the provision of personal wireless services," 47 U.S.C. §332(c)(7)(B)(i)(II); and, that "[a]ny person adversely affected by any final action or failure to act by a state or local government or instrumentality thereof that is inconsistent with this paragraph may, within 30 days after such action or failure to act, commence an action in any court of competent jurisdiction. The court shall hear and decide such action on an expedited basis." 47 U.S.C. §332(c)(7)(B)(v).

9. Jurisdiction is based on 28 U.S.C. § 1331 which grants this Court original jurisdiction over all civil actions arising under the laws or Constitution of the United States.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1), in that the defendants reside in this district and pursuant to 28 U.S.C. §1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred here.

## ALLEGATIONS COMMON TO ALL COUNTS

11.     The TCA was enacted in July 1996 in order to promote the rapid deployment in the United States of advanced telecommunications systems, including personal wireless services ("PWS"). To that end, the statute provides that local government regulation may not prohibit or have the effect of prohibiting the provision of PWS and imposes other substantive and procedural limits upon the ability of local governments to regulate PWS facilities.

12.     Nextel is a provider of enhanced specialized mobile radio services, a type of personal commercial mobile radio services ("CMRS") which are within the definition of PWS set forth at 47 U.S.C. §332(c)(7)(C)(i). Nextel is licensed by the FCC to provide CMRS in certain markets, and it has certain obligations under that license actually to provide such services.

13.     Nextel's PWS network is entirely digital and employs time division multiple access ("TDMA") technology. The network requires deployment of antennas throughout the area to be covered, which are connected to receivers and transmitters that operate in a limited geographic area known as a "cell." Nextel's portable telephones operate by transmitting and receiving low power radio frequency signals to and from these cell sites. The signals are transferred to and from ground telephone lines and routed to their destinations by sophisticated electronic equipment. The size of the area served by each cell site is dependent on several factors, including the number of antennas used, the height at which the antennas are deployed, the topography of the land, vegetative cover and natural or man-made obstructions in the area. As customers move throughout the service area, the transmission from the portable unit is automatically transferred to the closest Nextel facility without interruption in service, provided that there is overlapping coverage from the cells.

4

14. In order for Nextel's PWS network to function properly, there must be some overlapping coverage between adjoining cells to allow for the transfer or "hand-off" of calls from one cell to another and to avoid disconnection or "dropped" calls. In other words, Nextel's antennas must be strategically located within the targeted area in order to provide sufficient radio frequency coverage, connectivity with surrounding sites, adequate service and adequate capacity. Nextel's antennas also must be located high enough above ground level to allow transmission (or "propagation") of the radio frequency signals above trees, buildings and natural or man-made other structures that may obstruct the signals. Areas without adequate radio frequency coverage have substandard or no wireless service.

15. The antenna facilities needed to provide adequate coverage and capacity are within the definition of personal wireless service facilities ("PWS facilities") set forth at 47 U.S.C. §332(c)(7)(C)(ii).

16. In or about 2004, Nextel determined that it needed to install additional PWS facilities in the City of Lawrence in the vicinity of the Merrimack River near the O'Leary Bridge in order to provide adequate PWS to actual and potential Nextel customers who live, work or travel through this area.

17. With these network engineering requirements in mind, Nextel concluded that the 198 Bruce Street Property would be an appropriate site for its PWS facilities. Perhaps most important, the Property is improved by a four-story, fifty-one foot tall apartment building which already has PWS facilities (owned and operated by a Nextel competitor) on the roof. Nextel's antennas could be attached to an equipment shelter on the roof of the four-story apartment building. This would not only meet all of Nextel's engineering requirements, but would avoid the need for a new tower or any other new tall and visually obtrusive structure in this

neighborhood. Nextel accordingly obtained permission from the Property's owner, Embassy Realty Trust, LLC, to install PWS facilities atop the apartment building.

18. The 198 Bruce Street Property is located within the City's Residential R-4 zoning district. Under a highly-restrictive zoning ordinance enacted by the City in 2001 (the "2001 Ordinance"), PWS facilities are not permitted in any residential zone in Lawrence.

19. In addition, the 2001 Ordinance contains various setback requirements which prohibit the location of PWS facilities anywhere *near* residential properties in Lawrence – even though the entire City is heavily developed with residential properties throughout.

20. In contradiction to these restrictive provisions, the Ordinance contains various other clauses which either encourage or mandate co-location of PWS Facilities – that is, the use of structures upon which PWS Facilities already exist -- wherever and whenever possible. In the face of these prohibitive and inconsistent provisions, Nextel concluded that the Property was the only feasible location from which it could provide adequate service to its customers and potential customers in Lawrence.

21. In or about September 2004, Nextel submitted an application to the Lawrence Zoning Board of Appeals for the special permit and variances which it concluded were required in order to install and operate the contemplated PWS Facilities at the Property.

22. The Zoning Board of Appeals held several hearings with respect to the application throughout the months of December 2004 and January and February 2005.

23. Nextel presented testimony and other evidence which explained the need for antennas on the existing building, and also submitted photosimulations which demonstrated that its facility would have minimal visual impact.

24. Nextel also demonstrated that the proposed facility was the only feasible alternative for meeting its need to provide the needed coverage, particularly given the absence of any other co-location opportunities or other allowed locations in the area in question. In fact, Nextel's evidence established that the only place where PWS Facilities could be installed in this portion of Lawrence without a variance would be the middle of the Merrimack River.

25. In short, both in its application and during the length hearing process, Nextel presented substantial evidence to show that its proposed installation met all requirements under federal, state and local law for the requested special permit and variance.

26. Despite the minimally intrusive nature of the proposed installation and the absence of any feasible alternatives, and despite the existence of other PWS Facilities at the same location, the Zoning Board of Appeals voted on February 24, 2005 to deny Nextel's application for a special permit and variance.

27. Since that time, Nextel has made repeated requests to the City for the issuance of a written decision, as required by both federal and state law. Despite these requirements, and despite the repeated requests of Nextel, the Lawrence ZBA has still not issued a written decision memorializing either its vote to deny or the reasons which allegedly underlie such vote.

### AS AND FOR A FIRST CAUSE OF ACTION
### VIOLATION OF 47 U.S.C. § 332 (c)(7)(B)(ii)

28. Nextel repeats, realleges and incorporates herein by reference the allegations of paragraphs 1 through 27 of this Complaint as though fully alleged herein.

29. The City's refusal to act "within a reasonable time" by its failure to issue a written decision violates 47 U.S.C. §332(c)(7)(B)(ii).

30.     Nextel is accordingly entitled to an injunction directing the City to grant the special permit and all other permits and approvals necessary for construction of the proposed facilities to proceed.

### AS AND FOR A SECOND CAUSE OF ACTION
### VIOLATION OF 47 U.S.C. § 332 (c)(7)(B)(iii)

31.     Nextel repeats, realleges and incorporates herein by reference the allegations of paragraphs 1 through 30 of this Complaint as though fully alleged herein.

32.     The City's denial of authorization to Nextel to install antennas on the existing building was not "in writing and supported by substantial evidence contained in a written record" as required by the TCA, 47 U.S.C. § 332 (c)(7)(B)(iii).

33.     Nextel is accordingly entitled to an injunction directing the City to grant the special permit and all other permits and approvals necessary for construction of the proposed facilities to proceed.

### AS AND FOR A THIRD CAUSE OF ACTION
### VIOLATION OF 47 U.S.C. § 332 (c)(7)(B)(i)(I)

34.     Nextel repeats, realleges and incorporates herein by reference the allegations of paragraphs 1 through 33 of this Complaint as though fully alleged herein.

35.     The City has approved applications by other "providers of functionally equivalent services" to install and operate PWS Facilities in residential areas of the City under circumstances which are similar to the circumstances herein. For example, the subject Property already contains antenna facilities owned and operated by T-Mobile (f/k/a Omnipoint). In addition, on or about January 2, 2003, the City permitted T-Mobile to install and operate another wireless antenna facility on top of an existing apartment building located at 189 Maple Street, Lawrence, Massachusetts.

36. By allowing Nextel's competitors to install antennas on existing structures which are similarly situated, the City has unreasonably discriminated against Nextel.

37. Nextel accordingly is entitled to an injunction directing the City to grant the special permit, variance and all other permits and approvals necessary for construction of the proposed facilities to proceed.

### AS AND FOR A FOURTH CAUSE OF ACTION
### VIOLATION OF 47 U.S.C. § 332 (c)(7)(B)(i)(I)

38. Nextel repeats, realleges and incorporates herein by reference the allegations of paragraphs 1 through 37 of this Complaint as though fully alleged herein.

39. Nextel has a significant gap in its network coverage and capacity which it proposed to close by the least intrusive and only feasible means, and which it now will be unable to close.

40. Nextel accordingly is entitled to an injunction directing the City to issue the special permit, variances and all other permits and approvals necessary for its antenna facility construction to proceed.

**WHEREFORE**, Nextel respectfully requests that this Honorable Court issue the following relief on an expedited basis as required by 47 U.S.C. §332(c)(7)(B)(iv):

A. Declare that the City's Zoning Board of Appeals' failure to make a final determination "within a reasonable period of time" violates Nextel's rights under the TCA;

B. Declare that the City's Zoning Board of Appeals' failure to make a final determination was not "set forth in writing and supported by substantial evidence contained in a written record" and, therefore, violates the TCA;

C.  Declare that the City's Zoning Board of Appeals' failure to allow Nextel to install and operate PWS Facilities at the Property unreasonably discriminates among providers of functionally equivalent services and, therefore, violates Nextel's rights under the TCA;

D.  Declare that City's Zoning Board of Appeals' failure to allow Nextel to install and operate PWS facilities at the Property has the effect of prohibiting Nextel from providing personal wireless services and therefore violates Nextel's rights under the TCA;

E.  Issue an injunction ordering the City and its instrumentalities immediately to issue the special permit, variance and all other approvals and permits necessary to allow installation of the proposed facilities to begin without further delay; and,

F.  Grant such other and further relief as justice and equity may require.

Respectfully submitted,

**NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC INC. d/b/a NEXTEL COMMUNICATIONS**

By its attorneys,

**DEVINE, MILLIMET & BRANCH, PROFESSIONAL ASSOCIATION**

Dated: 08/05/05            By: _/s/ Steven E. Grill_
Steven E. Grill, Esquire
111 Amherst Street
Manchester, New Hampshire 03101
Telephone: (603) 669-1000
e-mail: sgrill@devinemillimet.com

J:\WDOX\DOCS\CLIENTS\10339\73517\M0748079.DOC

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Nextel Communications v. City of Lawrence, Massachusetts, et al.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    - [ ] I. 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
    - [✓] II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
        740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    for patent, trademark or copyright cases
    - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
        315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
        380, 385, 450, 891.
    - [ ] IV. 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
        690, 810, 861-865, 870, 871, 875, 900.
    - [ ] V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
    N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
    YES [ ]    NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
    YES [ ]    NO [✓]
    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
    YES [ ]    NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
    YES [ ]    NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
    YES [✓]    NO [ ]

    A. If yes, in which division do all of the non-governmental parties reside?
        Eastern Division [✓]    Central Division [ ]    Western Division [ ]

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
        Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
    YES [ ]    NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Steven E. Grill, Esquire, Devine, Millimet & Branch, P.A.
ADDRESS  111 Amherst Street, Manchester, New Hampshire 03101
TELEPHONE NO.  (603) 669-1000

(CategoryForm.wpd - 5/2/05)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Nextel Communications of the Mid-Atlantic, Inc. d/b/a Nextel Communications

(b) County of Residence of First Listed Plaintiff: Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Steven E. Grill, Esquire, Devine, Millimet & Branch, P.A.
111 Amherst Street, Manchester, NH 03101
(603) 669-1000; sgrill@devinemillimet.com

**DEFENDANTS** The City of Lawrence, Massachusetts, the City of Lawrence Zoning Board of Appeals and, Francis A. Audey, Richard P. Consoli, Gayle Williams, Joseph F. Sirois, April Lyskowsky, Dan Clark and Kemal Boxkurt

County of Residence of First Listed Defendant: Essex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Section 704 of the Telecommunications Act of 1996, 47 U.S.C. Section 332
Brief description of cause: appeal of denial to allow US Cellular to construct wireless antenna facilities

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 8-5-05    SIGNATURE OF ATTORNEY OF RECORD /s/ Steven E. Grill

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____