UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05 11637 JLT

| | |
|---|---|
| NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC. d/b/a NEXTEL COMMUNICATIONS<br>　　　　Plaintiff<br><br>v.<br><br>THE CITY OF LAWRENCE MASSACHUSETTS, THE ZONING BOARD FO APPEALS OF THE CITY OF LAWRENCE MASSACHUSETTS FRANCIS A. AUDY, APRIL LYSKOWSKY, GAYLE WILLIAMS JOSEPH F. SIROIS, and DANIEL PATRICK, as they are members of the ZONING BOARD OF APPEALS OF LAWRENCE<br>　　　　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' ANSWER

　　Now come the Defendants in the above-entitled action, by their attorney, and, in answe to the Plaintiff's complaint, respond as follows:

　　1.　　The Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 1 of the Plaintiff's complaint and call upon t Plaintiff to prove same.

　　2.　　The Defendants deny the allegations as contained in Paragraph 2 of the Plaintiff complaint.

## ANSWERING PARTIES

3. The Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 3 of the Plaintiff's complaint and call upon Plaintiff to prove same.

4. The Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 4 of the Plaintiff's complaint and call upon the Plaintiff to prove same.

5. The Defendants admit the allegations as contained in Paragraph 5 of the Plaintiff's complaint.

6. The Defendants admit the Zoning Board of Appeals is an agency of the City of Lawrence, Massachusetts but are without sufficient knowledge or information either admit or deny the remainder of the allegations contained in Paragraph 5 of the Plaintiff's complaint and call upon the Plaintiff to prove same.

7. The Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 7 of the Plaintiff's complaint and call upon the Plaintiff to prove same.

## ANSWERING JURISDICTION AND VENUE

8. The Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 8 of the Plaintiff's complaint and call upon the Plaintiff to prove same.

9. The Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 9 of the Plaintiff's complaint and call upon the Plaintiff to prove same.

10. The Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 10 of the Plaintiff's complaint and call upon the Plaintiff to prove same.

## ANSWERING ALLEGATIONS COMMON TO ALL COUNTS

11. The Defendants admit the allegations as contained in Paragraph 11 of the Plaintiff's complaint and in further answering, state that the TCA does not completely limit the ability of local government to regulate PWS facilities

12. The Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 12 of the Plaintiff's complaint and call upon the Plaintiff to prove same.

13. The Defendants are without sufficient knowledge or information to either adm or deny the allegations contained in Paragraph 13 of the Plaintiff's complaint call upon the Plaintiff to prove same.

14. The Defendants are without sufficient knowledge or information to either adm or deny the allegations contained in Paragraph 14 of the Plaintiff's complaint call upon the Plaintiff to prove same.

15. The Defendants are without sufficient knowledge or information to either adm or deny the allegations contained in Paragraph 15 of the Plaintiff's complaint call upon the Plaintiff to prove same.

16. The Defendants are without sufficient knowledge or information to either adm or deny the allegations contained in Paragraph 16 of the Plaintiff's complaint call upon the Plaintiff to prove same.

17. The Defendants are without sufficient knowledge or information to either adm or deny the allegations contained in Paragraph 17 of the Plaintiff's complaint call upon the Plaintiff to prove same.

18. The Defendants admit in part, the allegations as contained in Paragraph 18 of t Plaintiff's complaint, but deny that the ordinance enacted by the City in 2001 i highly restrictive.

19. The Defendants deny the allegations as contained in Paragraph 19 of the Plaintiff's complaint.

20. The Defendants are without sufficient knowledge or information to either admi or deny the allegations contained in Paragraph 20 of the Plaintiff's complaint a call upon the Plaintiff to prove same.

21. The Defendants are without sufficient knowledge or information to either admi or deny the allegations contained in Paragraph 21 of the Plaintiff's complaint a call upon the Plaintiff to prove same.

22. The Defendants admit the ZBA held several hearings with respect to Plaintiff's application in the months of December 2004, January 2005 and February 2005 and in further answering state the number of hearings was directly related to Plaintiff's requests for continuance of this matter.

23. The Defendants admit that Nextel made a presentation including photo simulations at Defendant ZBA hearings but deny the remainder of the allegation contained in Paragraph 23 of Plaintiff Nextel's complaint.

24. The Defendants deny the allegations as contained in Paragraph 24 of the Plaintiff's complaint.

25. The Defendants deny the allegations as contained in Paragraph 25 of the Plaintiff's complaint.

26. The Defendants admit the denial of Plaintiff Nextel's application for a special permit and variance but deny the remainder of the allegations contained in Paragraph 26 of Plaintiff Nextel's complaint and in further answering, state th denial of Plaintiff's application for special permit and variance was lawful anc within the Defendants' authority.

27. The Defendants deny the allegations as contained in Paragraph 27 of the Plaintiff's complaint.

### ANSWERING AS AND FOR A FIRST CAUSE OF ACTION
### VIOLATION OF 47 U.S.C. § 332 (c)(7)(b)(ii)

28. The Defendants hereby adopt and incorporate, by reference, as if fully stated herein, their answers contained in Paragraphs 1 through 27.

29. The Defendants deny the allegations as contained in Paragraph 29 of the Plaintiff's complaint.

30. The Defendants deny the allegations as contained in Paragraph 30 of the Plaintiff's complaint

### ANSWERING AS AND FOR A SECOND CAUSE OF ACTION
### VIOLATION OF 47 U.S.C. § 332 (c)(7)(B)(iii)

31. The Defendants hereby adopt and incorporate, by reference, as if fully stated herein, their answers contained in Paragraphs 1 through 30.

32. The Defendants deny the allegations as contained in Paragraph 32 of the Plaintiff's complaint and in further answering, state a written record supporting the Defendants' position does exist and has been filed with the Lawrence City Clerk as required by Massachusetts General Laws.

33. The Defendants deny the allegations as contained in Paragraph 33 of the Plaintiff's complaint.

### ANSWERING AS AND FOR A THIRD CAUSE OF ACTION
### VIOLATION OF 47 U.S.C. § 332 (c)(7)(B)(i)(I)

34. The Defendants hereby adopt and incorporate, by reference, as if fully stated herein, their answers contained in Paragraphs 1 through 33.

35. The Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 35 of the Plaintiff's complaint and call upc the Plaintiff to prove same.

36. The Defendants deny the allegations as contained in Paragraph 36 of the Plaintiff's complaint.

37. The Defendants deny the allegations as contained in Paragraph 37 of the Plaintiff's complaint.

### ANSWERING AS AND FOR A FOURTH CAUSE OF ACTION
### VIOLATION OF 47 U.S.C. § 332 (c)(7)(B)(i)(I)

38. The Defendants hereby adopt and incorporate, by reference, as if fully stated herein, their answers contained in Paragraphs 1 through 37.

39. Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 39 of the Plaintiff's complaint and call upo the Plaintiff to prove same.

40. The Defendants deny the allegations as contained in Paragraph 40 of the Plaintiff's complaint.

WHEREFORE, Defendants, the City of Lawrence Massachusetts, the Zoning Board of Appea of the City of Lawrence, Massachusetts, Francis A. Audy, Richard P. Consoli, Gayle William Joseph F. Sirois, April Lyskowsky, and Dan Clark and Kemal Bozkurt, in their capacities as Members of the City of Lawrence Zoning Board of Appeals, respectfully request this Honorat Court rule as follows:

1. Deny the Plaintiff Nextel's request for injunctive relief;

2. Declare the defendants' actions do not violate the Telecommunications Act of 1996;

3. Declare the defendants acted within their authority and are not preempted by th Telecommunications Act of 1996;

4. Declare the Defendants did not act unreasonably or in a discriminate manner;

5. Dismiss the Plaintiff's complaint, with prejudice;

6.  Order any and all such other relief as this Honorable Court deems just and appropriate,

> Respectfully submitted,
>
> Defendants, The City of Lawrence, Massachuse
> The Zoning Board of Appeals of the City of
> Lawrence Massachusetts
> Frank A. Audy, Richard P. Consoli,
> Gayle Williams, Joseph F. Sirois, April Lyskow  ,
> Dan Clark and Kemal Bozkurt in their capacities
> a members of the City of Lawrence Zoning Boar
> of Appeals,
>
> By their attorney,
>
> /s/ Richard J. D'Agostino
>
> Richard J. D'Agostino, Esquire
> BBO # 633984
> Assistant City Attorney
> City of Lawrence, MA
> 200 Common Street
> Lawrence, MA 01840

DATE: September 18, 2005

## CERTIFICATE OF SERVICE

I, Richard J. D'Agostino, Esquire, hereby certify that on September 22, 2005, I caused a true copy of the <u>Answer of Defendant Lawrence Zoning Board of Appeals</u> to be served via first cl mail, postage prepaid, upon Plaintiff's counsel, Steven E. Grill, Esquire, at Devine, Millimet Branch, 111 Amherst Street, Manchester, NH 03101.

_____
Richard J. D'Agostino, Esquire

DATE: September 22, 2005